UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-0738 CAS (OPx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Mfon Ikon | Raul Zermeno |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Filed 05/20/13) [11]; AND**

**ORDER REMANDING CASE TO THE SAN BERNARDINO COUNTY SUPERIOR COURT**

## I. INTRODUCTION

On September 28, 2012, plaintiff Ollie Hinex filed the instant action in the San Bernardino County Superior Court. Plaintiff filed a First Amended Complaint ("FAC") on March 20, 2013, asserting six claims for relief: (1) termination in violation of public policy; (2) bad faith; (3) negligence; (4) discrimination in violation of California Fair Employment and Housing Act; (5) retaliation; and (6) breach of the implied covenant of good faith and fair dealing.

Defendants Durham School Services L.P. ("defendant") and San Bernardino City Unified School District filed a notice of removal to this Court on April 22, 2013. Plaintiff subsequently filed a Second Amended Complaint in this Court on May 3, 2013 ("SAC").[1] Plaintiff's SAC contains only two claims for relief: (1) termination in violation of public policy and (2) retaliation.

---

[1] Although this document is labeled a "First Amended Complaint," it appears to be the second amended complaint plaintiff has filed, although it was the first to be filed in this Court. The Court will refer to it as the Second Amended Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-0738 CAS (OPx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

On May 10, 2013, plaintiff dismissed all of her claims against the San Bernardino City Unified School District.

On May 20, 2013, defendant filed a motion to dismiss plaintiff's SAC. On June 17, 2013, plaintiff filed a an opposition, and on June 24, defendant filed a reply. The Court held a hearing on July 1, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

**II.  BACKGROUND**

Plaintiff alleges the following in her SAC. Plaintiff was employed by defendant as a school bus attendant for the San Bernardino School District from 2010 until her termination on April 25, 2011. SAC ¶ 7, 12. As a bus attendant, plaintiff was responsible for assisting students as they got on the bus, buckling them into their seats, and monitoring their behavior. Id. ¶ 8.

On the morning of April 25, 2011, plaintiff was conducting her usual bus route. Id. ¶ 9. The bus stopped at 6:40 a.m. to pick up a student, Jeronino Hernandez, at his designated stop. Id. Hernandez was not at the stop. Id. Following procedure, the bus waited briefly and then began to head to its next stop. Id. As the bus proceeded to the next stop, plaintiff saw Hernandez through the rear view mirror, running after the bus, which caused plaintiff to laugh. Shortly after seeing Hernandez running after the bus, plaintiff heard a loud bang on the back of the bus, which had been caused by Hernandez hitting the back of the bus. Id. ¶ 10.

The driver immediately informed the bus dispatcher of what had transpired, and she and plaintiff were instructed to go to their supervisor's office after completing their bus route. Id. ¶ 10. During this meeting, plaintiff's supervisor, Dora Parham, showed plaintiff a video taken on the bus that morning, which showed plaintiff laughing. Id. ¶ 11. Parham then told plaintiff she was fired and handed her a check and some papers to sign. Id. ¶ 12. Plaintiff alleges that she was terminated without good cause and without regard to her satisfactory job performance, in violation of her employment agreement with defendant. Id. ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-0738 CAS (OPx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

### III. ANALYSIS

#### A. Federal Question Jurisdiction

At the outset, the Court must address its jurisdiction over the instant case. In its notice of removal, defendant contends that the Court has subject matter jurisdiction because plaintiff's claim in her FAC for breach of the covenant of good faith and fair dealing is completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Dkt. No. 1 ¶ 4.

In certain limited circumstances, when a state law claim is completely preempted by federal law, a suit may be removable to federal court, based on the doctrine that the completely preempted state law claim is "recharacterized" as a federal one, thereby giving rise to federal question jurisdiction. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). One such circumstance is cases that implicate the preemptive scope of section 301 of the LMRA. Under this section, a claim is completely preempted when resolution of a state law claim is substantially dependent upon interpretation and analysis of the terms of an agreement between an employer and a labor organization. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985); Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23 (1983) (the "preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization"). "Once preempted, any claim purportedly based on a state law is considered, from its inception, a federal claim, and therefore arises under federal law." Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)). A completely preempted claim, therefore, can give rise to federal jurisdiction and allow the removal of a suit from state court.

A two-step analysis applies in the Ninth Circuit for determining whether a claim is completely preempted under the LMRA. First, the Court must consider "whether a particular right inheres in state law or, instead, is grounded in a [collective bargaining agreement] ("CBA")." This analysis hinges on the "legal" character of the plaintiff's claim. Burnside, 491 F.3d at 1060. Second, even if the right exists independently of the CBA, the Court must "determine whether a state law right is substantially dependent on the terms of a CBA," or whether resolution of the claim will require interpreting a CBA versus merely referencing its terms. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 13-0738 CAS (OPx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

     Here, plaintiff alleges that she became a beneficiary of the CBA between defendant and Teamsters Local 572 by virtue of her employment agreement with defendant. FAC ¶ 8. Plaintiff alleges that she was discharged without probable cause and was not provided with a warning of performance deficiency. FAC ¶ 51. Plaintiff thus invokes the protections of the CBA, which defines "just cause" for termination and identifies the circumstances under which union members may or may not receive a disciplinary warning. Id. Because resolution of plaintiff's breach of the covenant of good faith and fair dealing claim necessarily involves an analysis of these provisions of the CBA, the Court agrees with defendant that it initially had subject matter jurisdiction over this claim.

     However, in her SAC, plaintiff has dismissed her claim for breach of the implied covenant of good faith. There are only two state law claims remaining in her SAC—termination in violation of public policy and retaliation—neither of which gives rise to federal subject matter jurisdiction.

### B.     Supplemental Jurisdiction

     Although this Court initially had subject matter jurisdiction over plaintiff's breach of the covenant of good faith and fair dealing claim, all of plaintiff's additional claims arise under state law and do not provide an independent basis for subject matter jurisdiction.[2] Pursuant to 28 U.S.C. § 1367(a), this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." Plaintiff's additional claims in her FAC (and remaining claims in her SAC) clearly arise from the same "common nucleus of operative fact," such that plaintiff would "ordinarily be expected to try them all in one judicial proceeding." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Thus, 28 U.S.C. § 1367(a) provides the Court with subject matter jurisdiction over plaintiff's remaining state law claims.

     Because "all claims over which [the Court] has original jurisdiction" have been dismissed, the Court may decline to exercise supplemental jurisdiction over plaintiff's

---

     [2] Moreover, neither party contends that this Court has subject matter jurisdiction on diversity grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   O   JS-6

| Case No. | CV 13-0738 CAS (OPx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

remaining state-law claims. 28 U.S.C. § 1367(c)(3); see also id. § 1367(c)(1) (a court may decline to exercise supplemental jurisdiction where state law claims "substantially predominate[]" over federal ones). This decision is "purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Relevant factors for this determination include "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997). "[I]n the usual case in which all federal-law claims are eliminated before the trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims[.]" Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (citations and alterations omitted).[3]

Based on the foregoing, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims for termination in violation of public policy and retaliation. Given the thin reed of "complete preemption" upon which jurisdiction in this Court is premised, the Court finds that plaintiff's remaining claims are best addressed, in the interests of comity and fairness to the parties, in a state court forum. In particular, no federal claims remain to be adjudicated here, even if a federal defense may be raised. This alone supports the Court's declining to exercise supplemental jurisdiction. Moreover, plaintiff's remaining claims do not implicate the parties' CBA and can be given full consideration in state court. Finally, the prejudice to any party to this action of remanding plaintiff's state law claims is limited, because the litigation has not yet progressed beyond defendant's first motion for dismissal. Accordingly, the Court declines to exercise jurisdiction over plaintiff's remaining state law claims and remands these claims to the San Bernardino County Superior Court.

### III. CONCLUSION

In accordance with the foregoing, the Court declines to exercise supplemental jurisdiction over plaintiff's claims for termination in violation of public policy and retaliation; these claims are hereby REMANDED to the San Bernardino County Superior

---

[3] The Ninth circuit also holds that a court should weigh the "values of economy, convenience, fairness, and comity" in making this determination. Acri, 114 F.3d at 1001 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 13-0738 CAS (OPx) | Date | July 1, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

Court.  Therefore, defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is hereby MOOT.

IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |