UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                         JS-6

| Case No. | EDCV 13-0738 CAS (OPx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Mfon Ikon | John Berg |

**Proceedings:**   **DEFENDANT'S MOTION TO DISMISS** (filed May 20, 2013) [11]

## I.   INTRODUCTION

On September 28, 2012, plaintiff Ollie Hinex filed the instant action in the San Bernardino County Superior Court. Plaintiff filed a First Amended Complaint ("FAC") on March 20, 2013, asserting six claims for relief: (1) termination in violation of public policy; (2) bad faith; (3) negligence; (4) discrimination in violation of California Fair Employment and Housing Act; (5) retaliation; and (6) breach of the implied covenant of good faith and fair dealing.

Defendants Durham School Services L.P. ("defendant") and San Bernardino City Unified School District (the "District") filed a notice of removal to this Court on April 22, 2013. Plaintiff subsequently filed a Second Amended Complaint on May 3, 2013 ("SAC"). Dkt. No. 7.[1] Plaintiff's SAC contains only two claims for relief: (1) termination in violation of public policy and (2) retaliation. On May 10, 2013, plaintiff dismissed all of her claims against the San Bernardino City Unified School District.

On May 20, 2013, defendant filed a motion to dismiss plaintiff's SAC. On June 17, 2013, plaintiff filed a an opposition, and on June 24, defendant filed a reply. Because plaintiff dismissed all her claims which gave rise to federal subject matter jurisdiction, the Court indicated its intent to remand this case to the state court. Before remanding the

---

[1] Although this document is labeled a "First Amended Complaint," it appears to be the second amended complaint that plaintiff has filed. The Court will refer to it as the "Second Amended Complaint."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 13-0738 CAS (OPx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

case, however, the Court granted defendant's motion to reconsider its remand order, on the grounds that the Court has diversity jurisdiction over this case after the dismissal of the District. The Court then reset defendant's motion to dismiss for hearing on July 29, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiff alleges the following in her SAC. Plaintiff began working as a school bus attendant for the District in 2003, pursuant to the District's contract with another bus operator. In August 2010, defendant Durham began operating the District's bus services, and plaintiff remained in her role as a bus attendant. SAC ¶ 6. During her entire tenure, plaintiff was never cited, disciplined, nor reprimanded for any safety reason. During the school day, plaintiff was responsible for assisting students as they got on the bus, buckling them into their seats, and monitoring their behavior. Id. ¶ 8.

On the morning of April 25, 2011, plaintiff was conducting her usual bus route. Id. ¶ 9. The bus stopped at 6:40 a.m. to pick up a student at his designated stop, but the student was not at the stop. Following procedure, the bus waited briefly before proceeding to the next stop. As the bus left, plaintiff saw the student through the rear view mirror, running after the bus, which caused plaintiff to laugh nervously. Id. Shortly after seeing the student running after the bus, plaintiff heard a loud bang on the back of the bus; although plaintiff did not observe what had happened, the driver informed her that the student had run in to the back of the bus. Id. ¶ 10. The driver immediately informed the bus dispatcher of what had transpired, and she and plaintiff were instructed to go to their supervisor's office after completing their bus route. Id. ¶ 10.

During this meeting, plaintiff's supervisor, Dora Parham, showed plaintiff a video taken on the bus that morning, which depicted plaintiff laughing. Id. ¶ 11. Parham then told plaintiff she was fired and handed her a check and some papers to sign. Id. ¶ 12. At a further meeting on May 2, 2011, Parham again played the video for plaintiff and also showed her an email to Parham written by Maria Espinoza, a School District employee, who wrote that she had "reviewed the video and [sic] frankly appalled by the lack of compassion and total disregard for the student and his safety . . . Both [the driver] and [plaintiff] are to be removed from District services permanently!" Id. Ex. A. Plaintiff alleges that she was terminated without good cause and without regard to her satisfactory job performance, in violation of her employment agreement with defendant. Id. ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | EDCV 13-0738 CAS (OPx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

**III.   LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 13-0738 CAS (OPx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. ANALYSIS

### A. Termination in Violation of Public Policy

Plaintiff's first claim is for termination in violation of public policy.  She contends that she was terminated in violation of California Labor Code section 1102.5, California's "Whistleblower Protection Statute," which was adopted to "encourag[e] workplace whistle-blowers to report unlawful acts without fearing retaliation."  Edgerly v. City of Oakland, 211 Cal. App. 4th 1191, 1199 (2012).  Subsection (c) prohibits an employer from retaliating against an employee "for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."  To state a claim based on a violation of section 1102.5(c), plaintiff must allege a prima facie case of retaliation, or that "she was subjected to adverse employment action after engaging in protected activity and that there was a causal connection between the two."  Edgerly, 211 Cal. App. 4th at 1199.

In particular, plaintiff alleges that she was terminated for not participating in an activity that would have resulted in violations of California Motor Vehicle Code § 22112 and San Bernardino City Unified School District Policy Code AR 3542, because she did not stop to pick up a student at an unapproved bus stop.  According to plaintiff, the *bus driver* did not stop to pick up the student who was running after the bus because the student "was not a designated stop."  SAC ¶ 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 13-0738 CAS (OPx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

The Court finds that plaintiff fails to state a claim for termination in violation of public policy. The vehicle code section at issue prohibits "the school bus driver" from, *inter alia*, stopping or unloading pupils anywhere other than an authorized school bus stop. Cal. Veh. Code § 22112(b). This section does not concern the actions of a school bus attendant, like plaintiff, who is not the operator of the bus. All of the subsections in this code section are directed towards actions taken by a school bus driver, not a school bus attendant. Plaintiff alleges that it was the bus driver—not plaintiff—who made the decision to continue driving the bus. Therefore, plaintiff does not allege that she refused to engage in any activity that was unlawful under the Vehicle Code, as plaintiff did not, and could not have, "refused" to stop a bus she was not driving. In fact, plaintiff does not allege that she refused to do anything; i.e., that she was asked to take a particular course of action and she refused to do so. Accordingly, plaintiff fails to state a claim.[2]

Moreover, plaintiff's argument that subsection (e)(3) of this section refers to the role of the "authorized attendant" is beside the point. This subsection speaks to the school bus driver's responsibility with respect to the operation of the amber warning and flashing red light system of the school bus, and does not in any way concern the allegations of this case. This statute simply does not apply to plaintiff's allegations, and therefore she cannot state a claim for termination in violation of public policy on this basis.

In addition, plaintiff cannot state a claim on the basis of a violation of the District Policy Code; the California Court of Appeal has interpreted section 1102.5 to apply only "to state statutes, rules, or regulations," Edgerly, 211 Cal. App. 4th at 1201–02, which plainly does not encompass the District's policies and regulations. Accordingly, the Court finds that plaintiff fails to state a claim for wrongful termination.

---

[2] Even if plaintiff could allege that this statute somehow pertained to her conduct here, plaintiff also does not allege that she was terminated as a result of a refusal to stop the bus at an unauthorized bus stop. Instead, she alleges that she was terminated for laughing during the incident.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | EDCV 13-0738 CAS (OPx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | OLLIE HINEX V. DURHAM SCHOOL SERVICES, ET AL. | | |

### B.  Retaliation

Plaintiff's claim for retaliation is premised upon the same set of facts and underlying law as her claim for termination in violation of public policy.  She alleges that Durham retaliated against her for refusing to stop and pick up a student at an unauthorized bus stop, which would have violated state law.  SAC ¶¶ 22–25.

For the same reasons as those set forth with respect to plaintiff's wrongful termination claim, she fails to state a claim for retaliation in violation of California Labor Code § 1102.5(c).  By its plain terms, the underlying Vehicle Code section that plaintiff purports to rely on for her claim does not apply to the conduct alleged in her complaint.  Plaintiff alleges no facts that could show that plaintiff was retaliated against based on her refusal to violate a Vehicle Code section that concerns only the conduct of bus drivers, not bus attendants.  Accordingly, the Court grants defendant's motion to dismiss plaintiff's retaliation claim.

### III.  CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to dismiss.  At this stage, plaintiff has already amended her complaint twice, and she has not demonstrated that she could possibly cure the deficiencies identified herein by further amendment that is consistent with her challenged pleading.  See Schreiber Distrib., 806 F.2d at 1401.  Plaintiff has not identified what additional facts, if any, she could allege to support viable claims for relief arising out of her termination.  Accordingly, the Court grants defendant's motion to dismiss WITH PREJUDICE.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |